**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **SHAKER AAMER,**<br><br>***Petitioner,***<br><br>**v.**<br><br>**BARACK H. OBAMA, *et al.*,**<br><br>***Respondents.*** | **Case No. 04-CV-2215 (RMC)** |

**PETITIONER'S REPLY IN SUPPORT OF MOTION TO COMPEL ACCESS TO AN INDEPENDENT MEDICAL EVALUATION**

Petitioner Shaker Aamer respectfully submits this Reply in further support of his Motion to Compel Access to an Independent Medical Evaluation, ECF No. 242, Oct. 1, 2013 ("Motion"). In its Response filed on November 6, 2013, the government has offered the following:

> Respondents will permit a visit with Petitioner at Guantánamo by a medical professional retained by the Petitioner to conduct a physical and/or psychological examination of the Petitioner. Petitioner's medical professional will be permitted access to the Petitioner on the same terms and under the same conditions, and subject to the same advance scheduling requirements, as counsel for the Petitioner. Petitioner's medical professional also may submit to Respondents, in advance of the trip to Guantanamo, a list of any medical equipment he or she wishes to bring on the visit to the Petitioner at Guantanamo. Any requests to bring medical equipment or other items into the meetings with Petitioner will be considered by JTF Guantánamo personnel consistent with standard security protocols. Resp'ts' Resp. to Pet'r's Mot. to Compel Access to an Independent Medical Evaluation, ECF No. 242, Nov. 8, 2013 ("Response").

While the government contends that its offer moots the instant Motion, Petitioner has reservations regarding the following aspects of the offer: (1) the restriction of the evaluation to a

single visit; (2) the limitation to a single medical expert; and (3) the lack of access to Guantánamo Bay Naval Station ("Guantánamo") medical facilities and medical personnel.[1]

First, given the length of time that Mr. Aamer has been without access to an independent medical evaluation (over twelve years in U.S. custody, including the entirety of his imprisonment at Guantánamo) and the conditions under which he has lived, it is foreseeable that an evaluation would require more than a single visit by a medical expert as well as time between meeting periods.

Second, the government's proposal restricts Mr. Aamer to only one independent medical expert. Due to the length and conditions of his imprisonment, it is quite likely that more than one expert would be required to assess adequately Mr. Aamer's current physical and mental condition. For example, the medical expert that is sent first to Guantánamo may well require the assistance of a specialist, which the government's proposed terms do not provide for.

Third, the government's offer does not afford the medical expert access to medical facilities and medical personnel at Guantánamo. Indeed, the offer prescribes access "on the same terms and under the same conditions, and subject to the same advance scheduling requirements, as counsel for the Petitioner." Based on undersigned counsel's own experience and also upon inquiry with Respondents' counsel, those terms do not allow for access to medical facilities and medical personnel.

Consequently, Petitioner's reservations as to this clause are twofold. With regard to medical equipment, Petitioner's concern lies in the likelihood that a thorough evaluation of Mr.

---

[1] Through email and telephonic communications with Respondents' counsel, undersigned counsel has confirmed the accuracy of this interpretation of the government's offer.

Aamer may call for access to medical equipment too large and cumbersome for an expert to transport independently but that is already available at Guantánamo, such as x-ray or MRI machines. Further, lack of access to Guantánamo medical personnel will restrict the expert's understanding of Mr. Aamer's medical condition and treatment over the years to whatever can be gleaned from Mr. Aamer himself and any available medical records.

Despite the aforementioned reservations, and in the interest of moving forward, Petitioner accepts the government's offer and will make arrangements with a medical expert to travel to Guantánamo as soon as possible. In light of these concerns, however, it would be premature to accede to the government's suggestion and rule the Motion moot. Rather than deny the instant Motion as moot, Petitioner respectfully requests that the Court hold the Motion in abeyance, pending the submission of a status report by Petitioner within 45 days of the independent medical expert's return from Guantánamo. *See, e.g., Safety Research & Strategies, Inc. v. U.S. Dep't of Transp.*, 903 F. Supp. 2d 1, 9 (D.D.C. 2012) (holding motion in abeyance pending party's compliance with discovery request); *Cooper v. Farmers New Century Ins. Co.*, 593 F. Supp. 2d 14, 22 (D.D.C. 2008) (holding motion in abeyance pending submission of parties' supplemental briefing); *Common Cause v. Fed. Election Comm'n*, 692 F. Supp. 1397, 1398 (D.D.C. 1988) (holding motion in abeyance pending party's progress report). Accordingly, this Motion should be held in abeyance.

Dated: December 3, 2013

Respectfully submitted,

______/s/_____________________

Ramzi Kassem
*Supervising Attorney*
Humbert Wong
Shelby Sullivan-Bennis
*Law Student Interns*
**Main Street Legal Services, Inc.**
City University of New York School of Law
2 Court Square
Long Island City, NY 11101
(718) 340-4558

Clive Stafford Smith
**Reprieve**
P.O. Box 52742
London, EC4P 4WS
Tel: +44(0)20 7353 4640

David H. Remes
**Appeal for Justice**
1106 Noyes Drive
Silver Spring, MD 20910
(202) 669-6508

*Counsel for Petitioner*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **SHAKER AAMER,**<br><br>***Petitioner,***<br><br>**v.**<br><br>**BARACK H. OBAMA, *et al.*,**<br><br>***Respondents.*** | **Case No. 04-CV-2215 (RMC)** |

**[PROPOSED] ORDER**

The Court having considered Petitioner's Motion to Compel Access to an Independent Medical Evaluation, ECF No. 242, Oct. 1, 2013, Respondents' Response thereto, and Petitioner's Reply,

IT IS HEREBY ORDERED that Petitioner's Motion is HELD in abeyance and that Petitioner must submit a status report within 45 days of the independent medical expert's return from Guantánamo Bay, Cuba.

Date: ________________

________________________

ROSEMARY M. COLLYER
United States District Judge